UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARIO QUEVEDO,

         Plaintiff,

v.

JASON BUENO, *et al*,

         Defendants.

2:12-cv-01824-GMN-VCF

**O R D E R AND
REPORT & RECOMMENDATION**

(Motion/Application to Proceed *In Forma Pauperis* #1 and Screen Complaint #1-1)

Before the court are plaintiff Mario Quevedo's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.**    *In Forma Pauperis* **Application**

In plaintiff Quevedo's application, he asserts that he is unemployed, does not receive benefits or supplemental income, does not have any assets, and cannot pay the $350 filing fee. (#1). Plaintiff is currently incarcerated, and states that his inmate account has a current monthly balance of $10.71, an average monthly balance of $5.43, and an average monthly deposit of $18.33. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.  Jurisdiction/Plaintiff's Claims

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. (#1-1). A claim under § 1983 invokes the court's federal jurisdiction. 28 U.S.C. § 1331. To state a claim under § 1983, a plaintiff must plead that the named defendants (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes."

*Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

Plaintiff's complaint alleges claims against employees of the Carson City Sheriff Department, including patrol officers, department officers, and the sergeant. (#1-1). Therefore he satisfies the first requirement. *Monroe*, 365 U.S. 167. With regard to the second requirement, plaintiff alleges violations of his Eighth and Fourteenth Amendments. (#1-1). Plaintiff asserts that the defendant police officers were chasing him on foot for stealing a car (a crime for which he later plead guilty to), and that after he surrendered with his hands in the air, the officers threw plaintiff to the ground, kneed him in his head and shoulders, broke his rib, rubbed his face into the ground, and caused abrasions to his face. *Id.*

### 1. Eighth Amendment Violation

Plaintiff alleges that the officers violated his Eighth Amendment right to be free from cruel and unusual punishment when they allegedly used excessive force to arrest him. (#1-1). The Eighth Amendment does not give rise to a claim by a pretrial detainee. *Graham v. Connor*, 490 U.S. 386, 398-99, 109 S. Ct. 1865, 1873, 104 L. Ed. 2d 443 (1989)(stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")(quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977)). The Eighth Amendment is only implemented post conviction, when the injury suffered is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham*, 430 U.S. at 669. As plaintiff is alleging that the defendants used excessive force during the initial arrest and not after his conviction, plaintiff's claim does not arise under the Eighth Amendment. *Id.* His claim under the Eighth Amendment should be dismissed *without prejudice*. *Id; Ashcroft*, 129 S.Ct. at 1949; *Cato*, 70 F.3d at 1106.

### 2. Fourteenth Amendment

Plaintiff also alleges a claim under the Fourteenth Amendment for the excessive force used during his arrest, and asserts that the defendants violated his "due process right to personal security." (#1-1). "Claims arising before or during arrest" are not to be analyzed under the substantive due process standard under the Fourteenth Amendment. *Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir.1990); *See also Gibson v. County of Washoe,* 290 F.3d 1175 (9th Cir. 2002). As plaintiff asserts that his rights were violated when the officers threw him to the ground and injured him *during his arrest*, plaintiff's claim does not arise under the Fourteenth Amendment and should be dismissed. *Id; Ashcroft*, 129 S.Ct. at 1949.

Plaintiff must articulate a particularized right that was violated in order to assert a claim under § 1983. *Gibson*, 781 F.2d at 1338. Plaintiff's complaint should be dismissed *without prejudice* for him to amend his complaint accordingly. *Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried

forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of November, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**